NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| PEDRO CARDONA, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL J. ASTRUE <br> Commissioner of Social Security, <br><br> Defendant. | **Hon. Dennis M. Cavanaugh** <br><br> **OPINION** <br><br> Civil Action No. 12-CV-4026 (DMC) |

<u>DENNIS M. CAVANAUGH, U.S.D.J.</u>

This matter comes before the Court upon the appeal of Pedro Cardona ("Plaintiff" or "Claimant") from the final decision of the Commissioner of Social Security ("Commissioner"), denying Claimant's claims for a period of disability and disability insurance benefits under Title II of the Social Security Act ("Act"), his application for supplemental security income under Title XVI of the Act, and upon the decisions of Administrative Law Judge ("ALJ") Donna Krappa after a First Remand and ALJ Leonard Olarsch after a Second Remand. This Court has jurisdiction over this matter pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). No oral argument was heard pursuant to Rule 78 of the Federal Rules of Civil Procedure.

After reviewing the submissions to this Court by both parties, the final decision entered by the ALJ is **reversed in part and remanded**.

# I. BACKGROUND

## A. Procedural History

On September 22, 2005, Plaintiff Mr. Pedro Cardona filed an application for Supplemental Social Security ("SSI") and Social Security Disability ("SSDI") benefits. The Claim was initially denied on January 17, 2006 and then denied again on reconsideration on March 10, 2006. (Transcript ("Tr.") 461-66, 467-70). Plaintiff then appealed by filing a request for hearing before an Administrative Law Judge ("ALJ"). On September 25, 2007, a hearing on Plaintiff's claims was held in Newark, New Jersey before ALJ Donna Krappa. On December 27, 2007, ALJ Krappa issued a denial of Plaintiff's claims for SSI and SSDI benefits. (Tr. 48-57). Plaintiff filed a timely appeal to the Appeals Council, which remanded Plaintiff's appeal in a decision dated June 24, 2008. In her January 9, 2009 decision, ALJ Krappa again denied Plaintiff's applications. (Tr. 18-29). The Appeals Council affirmed the ALJ's decision on November 24, 2010. (Tr. 8). Judge Kathryn Hayden of the District Court of New Jersey reversed and remanded the decision on July 7, 2011. (Tr. 599-600). The Appeals Council remanded the case on July 27, 2011, vacating the Commissioner's final decision and ordering the Commissioner to assign the case to a different ALJ to determine if Plaintiff has a severe mental impairment and if so, to evaluate the impairment and provide a comprehensive residual functional capacity ("RFC") finding. (Tr. 608). On February 23, 2012 a new hearing was held before ALJ Leonard Olarsch. ALJ Olarsch issued a Partially Favorable decision on March 20, 2012, finding Plaintiff to be completely disabled as of September 1, 2009, but not before that date. (Tr.588-98). The subsequent appeal was filed on June 29, 2012. Plaintiff alleges disability date of January 1, 2005.

## B. Factual History

### 1. The Findings of ALJ Krappa from the December 20, 2007 Decision

ALJ Krappa made the following eleven findings regarding Plaintiff's application for a period of disability and disability insurance benefits: 1) the Claimant meets the insured status requirements of the Social Security Act through September 30, 2009; 2) the Claimant has not engaged in substantial gainful activity since January 1, 2005, the alleged onset date (20 CFR 404.1520(b), 404.1571 *et seq.*, 416.920(b) and 416.971 *et seq.*); 3) the Claimant has the following severe impairments: disorders of the back, an affective disorder, and Hepatitis C (20 CFR 404.1520(c) and 416.920(c)); 4) the Claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926); 5) the Claimant has the RFC to perform *light* (emphasis original) work limited to simple, unskilled 1-2 step jobs, not involving changes in working setting during the workday, and with occasional contact with the general public; in addition, a job which allows him to stand up from a sitting position every hour or so for 3-5 minutes to stretch; 6) the Claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965); 7) the Claimant was born on December 5, 1965 and was 39-years-old, which is defined under the Regulations as a "younger individual" (within age range 18-49), on the alleged disability onset date (20 CFR 404.1563 and 416.963); 8) the Claimant has a limited education and is able to communicate in English (20 CFR 404.1564 and 416.964); 9) transferability of job skills is not an issue in this case because the Claimant's past relevant work is unskilled (20 CFR 404.1568 and 416.968); 10) considering the Claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1560(c), 404.1566,

416.960(c), and 416.966); 11) the Claimant has not been under a disability, as defined in the Social Security Act, from January 1, 2005, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

## 2. The Findings of ALJ Krappa from the January 9, 2009 Decision

ALJ Krappa made the following ten findings regarding Plaintiff's application for a period of disability and disability insurance benefits: 1) the Claimant meets the insured status requirements of the Social Security Act through September 30, 2009; 2) although the Claimant has worked since the alleged onset date of January 1, 2005 (he earned $3,010.84 for the year 2005), the work was not performed at a level that would constitute work from substantial gainful activity; 3) the Claimant has the following severe impairments: diabetes with sensory neuropathy, a disorder of the back, hepatitis C, and hypertension (20 CFR 404.1521 *et seq.* and 416.921 *et seq.*); 4) the Claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1525, 404.1526, 416.925 and 416.926); 5) the Claimant has the RFC to perform the demands of sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a); however, he is limited to jobs: that permit at least three breaks during the work day each of at least 15 minutes duration; that require no use of ladders, ropes, or scaffolds and only occasional use of ramp or stairs; that require no balancing, and only stooping, kneeling, crouching and/or crawling; that require no exposure to unprotected heights, hazards or dangerous machinery; that require occasional operation of foot controls; that are simple, unskilled, and repetitive; that are low stress (that is, these jobs require only an occasional change in the work setting during the work day, and only an occasional change in decision making required during the work day); no work in close proximity to others to avoid distraction; that require occasional contact with the

general public; 6) the Claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965); 7) the Claimant was born on December 5, 1965, and was 39-years-old, which is defined under the Regulations as a younger individual (within age range 18-44), on alleged disability onset date (20 CFR 404.1563 and 416.963); 8) the Claimant has a limited education and is able to communicate in English (20 CFR 404.1564 and 416.964); 9) considering the Claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569a, 416.969, and 416.969a); the Claimant has not been under a disability, as defined in the Social Security Act, from January 1, 2005 through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

### 3. The Finding of ALJ Olarsch from the March 20, 2012 Decision

ALJ Olarsch made the following thirteen findings regarding Plaintiff's application for a period of disability and disability insurance benefits: 1) the Claimant meets the insured status requirements of the Social Security Act through September 30, 2009; 2) the Claimant has not engaged in substantial gainful activity since the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*); 3) since the alleged onset date of disability, January 1, 2005, the claimant has had the following severe impairments: diabetes with sensory neuropathy; obesity; a disorder of the back; hepatitis C; liver disease; post traumatic stress disorder; and a mood disorder (20 CFR 404.1520(c) and 416.920(c)); 4) prior to September 1, 2009, the date the claimant became disabled, the claimant did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.92(6); 5) prior to September 1, 2009, the claimant had the RFC to perform sedentary work as defined in 20

CFR 404.1567(a) and 416.967(a) except he was limited to jobs that permit at least 3 breaks per day, each of at least 15 minutes duration; that require no use of ladders, ropes, or scaffolds and only occasional use of ramps or stairs; that require no balancing, and only occasional stooping, kneeling, crouching and/or crawling; that require no exposure to unprotected heights, hazards or dangerous machinery; that require occasional operation of foot controls; that are simple, unskilled and repetitive; that are low stress (require only an occasional change in the work setting during the work day, and only an occasional change in decision making required during the work day); no work in close proximity to others to avoid distraction; that require occasional contact with the general public; 6) since January 1, 2005, the claimant has been unable to perform any past relevant work (20 CFR 404.1565 and 416.965) as the demands exceed the RFC; 7) prior to the established disability onset date, the claimant was a younger individual age 18-44 (20 CFR 404.1563 and 416.963); 8) the claimant has a limited education and is able to communicate in English (20 CFR 404.1564 and 416.964); 9) prior to September 1, 2009, transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled" whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2); 10) prior to September 1, 2009, considering the claimant's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that the claimant could have performed (20 CFR 404.1569, 404.1569a, 416.969, and 416.969a); 11) beginning on September 1, 2009, the severity of the claimant's impairments has medically equaled the criteria of section 12.04 of 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926); 12) the claimant was not disabled prior to September 1, 2009, (20 CFR 404.1520(g) and 416.920(g))

but became disabled on that date and has continued to be disabled through the date of this decision (20 CFR 404.1520(d) and 416.920(d)); 13) the claimant's substance use disorder(s) is not a contributing factor material to the determination of disability (20 CFR 404.1535 and 416.935).

### 4. Plaintiff's Medical History and Evidence

Plaintiff's disability claims since January 1, 2005, have been related to liver problems, diabetes, back pain, depression, and high blood pressure (Tr. 112-14, 127, 180). Plaintiff's medical history is summarized as follows.

A Raritan Bay Medical Center blood work report, dated April 14, 2005, indicated abnormal liver functioning in Plaintiff. (Tr. 202). On November 18, 2005, Dr. Celia Roque noted that Plaintiff has a history of Hepatitis C, in addition to numerous other ailments. (Tr. 210-13). Dr. Roque also noted that Plaintiff required financial assistance to purchase the prescription medications, Pegasys and Rivavir, to prevent further liver complications caused by Hepatitis. (Id.) At that time, Plaintiff's liver enzymes were elevated – SGOT 76 (0-37 normal) and SGPT 98 (12-31 normal). (Tr. 212-13, 217). Medical records dated November 4, 2005, from Raritan Bay Medical Center, showed Hepatitis C with mildly elevated liver functioning. (Tr. 236-37). A November 22, 2005 report from Dr. P. Gupta showed Hepatitis C. (Tr. 232, 234, 241). On December 14, 2005, the State agency doctor noted "persistent elevation of hepatic enzymes." (Tr. 284). Medical records from Raritan Bay Medical Center dated February 1, 2007, showed a positive test for Hepatitis C. (Tr. 310). A liver ultrasound dated March 3, 2007, showed mild diffuse increased echogenicity of the liver, suspicious for fatty infiltration. (Tr. 327, 395). Hepatic paraenchymal disease, such as cirrhosis, was suspected. (Id). Elevated liver enzymes were noted on October 18, 2007. (Tr. 418). The medical expert at the October 23, 2008 hearing

noted elevated or abnormal liver enzymes. (Tr. 553, 568-69). The medical expert at the February 23, 2012 hearing, having reviewed Plaintiff's psychiatric evaluations, declared that Plaintiff suffered from Post-Traumatic Stress Disorder and depressive disorder as of November 22, 2005. (Tr. 668-70).

## II. **Standard of Review**

A reviewing court will uphold the Commissioner's factual decisions if they are supported by "substantial evidence." 42 U.S.C. §§ 405(g), 1383(c)(3); Sykes v. Apfel, 228 F.3d 259, 262 (3d Cir. 2000). Substantial evidence is "more than a mere scintilla . . . but may be less than a preponderance." Woody v. Sec'y of Health & Human Servs, 859 F.2d 1156, 1159 (3d Cir. 1988). It "does not mean a large or considerable amount of evidence, but rather such relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion." Pierce v. Underwood, 487 U.S. 552, 565 (1988) (citation omitted). Not all evidence is considered "substantial." For instance,

> [a] single piece of evidence will not satisfy the substantiality test if the [Commissioner] ignores, or fails to resolve, a conflict created by countervailing evidence. Nor is evidence substantial if it is overwhelmed by other evidence–particularly certain types of evidence (e.g. that offered by treating physicians)–or if it really constitutes not evidence but mere conclusion.

Wallace v. Sec'y of Health & Human Servs., 722 F.2d 1150, 1153 (3d Cir. 1983) (quoting Kent v. Schweiker, 710 F.2d 110, 114 (3d Cir. 1983)). The ALJ must make specific findings of fact to support his ultimate conclusions. Stewart v. Sec'y of Health, Educ. & Welfare, 714 F.2d 287, 290 (3d Cir. 1983).

The "substantial evidence standard is a deferential standard of review." Jones v. Barnhart, 364 F.3d 501, 503 (3d Cir. 2004). As such, it does not matter if this Court "acting *de*

*novo* might have reached a different conclusion" than the Commissioner. Monsour Med. Ctr. v. Heckler, 806 F.2d 1185, 1190-91 (3d Cir. 1986) (quoting Hunter Douglas, Inc. v. NLRB, 804 F.2d 808, 812 (3d Cir. 1986)). "The district court . . . is [not] empowered to weigh the evidence or substitute its conclusions for those of the fact-finder." Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992) (citing Early v. Heckler, 743 F.2d 1002, 1007 (3d Cir. 1984)). A Court must nevertheless "review the evidence in its totality." Schonewolf v. Callahan, 972 F. Supp. 277, 284 (D.N.J. 1997) (citing Daring v. Heckler, 727 F.2d 64, 70 (3d Cir. 1984). In doing so, the Court "must 'take into account whatever in the record fairly detracts from its weight.'" Id. (quoting Willibanks v. Sec'y of Health & Human Servs., 847 F.2d 301, 303 (6th Cir. 1988)).

To properly review the findings of the ALJ, the court needs access to the ALJ's reasoning. Accordingly,

> Unless the [Commissioner] has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.

Gober v. Matthews, 574 F.2d 772, 776 (3d Cir. 1978) (quoting Arnold v. Sec'y of Health, Educ. & Welfare, 567 F.2d 258, 259 (4th Cir. 1977)). A court must further assess whether the ALJ, when confronted with conflicting evidence, "adequately explain[ed] in the record his reasons for rejecting or discrediting competent evidence." Ogden v. Bowen, 677 F. Supp. 273, 278 (M.D. Pa. 1987) (citing Brewster v. Heckler, 786 F.2d 581 (3d Cir. 1986)). If the ALJ fails to properly indicate why evidence was rejected, the court is not permitted to determine whether the evidence was discredited or simply ignored. See Burnett v. Comm'r of Soc. Sec., 220 F.3d 112, 121 (3d Cir. 2000) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).

## III. APPLICABLE LAW

### A. THE FIVE-STEP PROCESS

A claimant's eligibility for benefits is governed by 42 U.S.C. § 1382. A claimant is considered disabled under the Social Security Act if he or she is unable to "engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 423(d)(1)(A). A claimant bears the burden of establishing his or her disability. Id. § 423(d)(5).

To make a disability determination, the Commissioner follows a five-step process pursuant to 20 C.F.R. § 416.920(a). Under the first step, the Commissioner must determine whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. § 416.920(b). Substantial gainful activity is work that involves doing significant and productive physical or mental duties, and is done (or intended) for pay or profit. 20 C.F.R. § 416.972. If the claimant establishes that she is not currently engaged in such activity, the Commissioner then determines whether, under step two, the claimant suffers from a severe impairment or combination of impairments. 20 C.F.R. § 416.920(a)(4)(ii). The severe impairment or combination of impairments must "significantly limit[] [a claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 416.920(c). The impairment or combination of impairments "must have lasted or must be expected to last for a continuous period of at least 12 months." 20 C.F.R. § 416.909. If the Commissioner finds a severe impairment or combination of impairments, he then proceeds to step three, where he must determine whether the claimant's impairment(s) is equal to or exceeds one of those included in the Listing of Impairments in Appendix 1 of the regulations ("Listings"). 20 C.F.R. § 416.920(d). Upon such a finding, the claimant is presumed

to be disabled and is automatically entitled to benefits. Id. If, however, the claimant does not meet this burden, the Commissioner moves to the final two steps.

Step four requires the Commissioner to determine whether the claimant's RFC sufficiently allows her to resume her previous work. 20 C.F.R. § 416.920(e). If the claimant can return to her previous work, then she is not disabled and therefore cannot obtain benefits. Id. If, however, the Commissioner determines that the claimant is unable to return to her prior work, the analysis proceeds to step five. At step five, the burden shifts to the Commissioner, who must find that the Claimant can perform other work consistent with her medical impairments, age, education, past work experience and RFC. 20 C.F.R. § 416.920(g). Should the Commissioner fail to meet this burden, the claimant is entitled to social security benefits. 20 C.F.R. § 416.920(a)(4)(v).

### B. THE REQUIREMENT OF OBJECTIVE EVIDENCE

Under the Act, disability must be established by objective medical evidence. "An individual shall not be considered to be under a disability unless he furnishes such medical and other evidence of the existence thereof as the Secretary may require." 42 U.S.C. § 423(d)(5)(A). Notably, "[a]n individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability as defined in this section." Id. Specifically, a finding that one is disabled requires:

> [M]edical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all evidence required to be furnished under this paragraph . . . would lead to a conclusion that the individual is under a disability.

Id. Credibility is a significant factor. When examining the record "the adjudicator must evaluate the intensity, persistence and limiting effects of the [claimant's] symptoms to determine the extent to which the symptoms limit the individual's ability to do basic work activities." SSR 96-7p, 1996 SSR LEXIS 4, 1996 WL 374186 (July 2, 1996). To do this, the adjudicator must determine the credibility of the individual's statements based on consideration of the entire case record. Id. The requirement for a finding of credibility is found in 20 C.F.R. § 416.929(c)(4). A claimant's symptoms, then, may be discredited "unless medical signs or laboratory findings show that a medically determinable impairment(s) is present." 20 C.F.R. § 416.929(b); see Hartranft v. Apfel, 181 F.3d 358, 362 (3d Cir. 1999).

IV. **ANALYSIS**

On appeal, Plaintiff argues that there is substantial enough evidence in the record to reverse the ALJ's decision in part and to award benefits prior to September 1, 2009. Plaintiff argues that the ALJ erred in three ways: 1) The ALJ failed to fully consider the testimony of Dr. Clark; 2) the ALJ did not hear testimony from a vocational expert (VE); and 3) the ALJ simply reused the previously remanded RFC determination, in deciding Plaintiff's disability status. (Pl. Br. 11, Dec. 18, 2012, ECF. No. 7).

Defendant also argues that the ALJ's decision should be reversed and remanded. The Defendant argues that there is not substantial evidence to support the ALJ's determination that Plaintiff did not meet a listing prior to September 1, 2009. (Def.'s Br. 5, Feb. 27, 2013, ECF. No. 10). The Defendant argues, however, that while there is not substantial evidence to support the ALJ's decision, an additional medical opinion is required to determine Plaintiff's level of fatigue as there is a discrepancy between the medical evidence and Dr. Clark's testimony. (Def.'s Br. 6).

12

The Defendant argues that the record needs to be developed more to make a final determination. (Id.).

A. **ALJ'S CONCLUSION**

Both parties agree that there is not substantial medical evidence to support the ALJ's step three conclusion that Plaintiff did not exhibit any significant symptoms of liver disease prior to September 1, 2009. The medical evidence indicates that Plaintiff, in fact, did exhibit significant symptoms of liver disease beginning in April 2005, prior to the ALJ's established onset date of September 1, 2009. (Tr. 591).

In addition, the ALJ based his RFC findings, in the step five analysis, upon the VE's Testimony from the prior ALJ's hearing. The VE's testimony in that hearing occurred nearly four years prior to Dr. Clark's expert testimony. Dr. Clark's testimony declared that Plaintiff suffered from Post-Traumatic Stress Disorder and depressive disorder. Even if the ALJ did not find this testimony compelling enough to declare that Plaintiff's condition merited a listing at step three, the testimony should have been taken into consideration during the step five RFC analysis, by having the VE, who was present at the February 23, 2012 hearing, determine Plaintiff's RFC in light of the new testimony. Thus, the ALJ's finding regarding Plaintiff's status prior to September 1, 2009 must be reversed.

B. **AWARDING OF BENEFITS**

Having established that the ALJ's conclusion regarding the onset of liver disease in Plaintiff was incorrect, Plaintiff requests that benefits be awarded.

"The decision to direct the district court to award benefits should be made only when the administrative record of the case has been fully developed and when substantial evidence on the record as a whole indicates that the claimant is disabled and entitled to benefits." Podedworny v.

13

Harris, 745 F.2d 210, 221-22 (3d Cir. 1984). While the court understands Plaintiff's desire to bring closure to this issue after eight years and three hearings before two ALJs, there is not enough evidence to declare that benefits prior to September 1, 2009 should be awarded outright. Cases that have awarded benefits outright had fully developed records and remand would not have yielded any worthwhile new evidence on those matters. Id. at 223. That is not the case in this instance. While there is evidence to suggest that Plaintiff may meet a listing prior to September 1, 2009, more evidence is needed to definitively make that determination. Another medical expert should review Plaintiff's medical records to determine whether Plaintiff merited a listing prior to September 1, 2009. In addition, if upon remand the ALJ does not find Plaintiff's status equal to a listing at step three, and the process reaches step five, a new VE must evaluate Plaintiff's file in light of the testimony by Dr. Clark, to determine Plaintiff's RFC prior to September 1, 2009.

## V. CONCLUSION

For the reasons stated above, the final decision entered by the ALJ Olarsch is **reversed in part and remanded** so that further administrative action may be taken, specifically: 1) the ALJ is ordered to determine whether Plaintiff had a severe mental impairment prior to September 1, 2009 by reviewing Dr. Clark's testimony in conjunction with Plaintiff's medical records; and if evaluation moves to step five, is 2) ordered to evaluate Plaintiff's RFC; and 3) obtain new VE testimony. An appropriate order will accompany this opinion.

Dennis M. Cavanaugh, U.S.D.J.

Date: June 20, 2013
Original: Clerk's Office
cc: All Counsel of Record
File

14